| Joseph E. Clark | |
| vs. | W.C.A.No.581 |
| United Electric Rys. Co. | |

November 20, 1925

TANNER, P. J. This is a petition for compensation under Workmen s Compensation Act.

The petitioner was injured on the 8th of May, 1924. He was pulling a truck, heavily loaded, from a platform into a car of the defendant company and owing to some accident the truck struck him in the back, knocked him over and injured him. He had pains in his lower back and about his knees and great pain and soreness in his left groin. At the hospital the surgeon in charge of his case found that both inguinal rings in the left groin were considerably enlarged. He advised and performed the regular hernia operation and was of the opinion that the injury received by the petitioner had caused this relaxed condition of the inguinal rings and that an operation was advisable to prevent the injury from developing into a regular hernia. The petitioner made a somewhat slow recovery and suffered continuous pain in his back for a number of months after the operation. He was advised by the operating surgeon that he should wait six months before he could do the heavy work to which he was accustomed.

The defendant employer does not deny the accident but introduced medical testimony to the effect that petitioner didn't have a hernia in the left groin and that in the opinion of the expert he would probably have recovered without an operation. However this may be, we feel that the workman was justified in taking the advice of the very competent surgeon who attended him and advised the operation. We also feel that the petitioner was justified in waiting six months after the operation, as he was advised to do. It also seems probable that the continued pain that he had in his back might have of itself necessitated waiting such length of time. The witness for the defendant thinks that the time that was taken in affecting a cure was much too long, but, as we said before, we feel that the workman was justified in taking the advice of his surgeon in the matter.

We therefore think that the petitioner is entitled to compensation at the statutory rate for the period from the time when he first became entitled to compensation to six months after the operation.

For Petitioner: Fitzgerald & Higgins
For Respondent: Clifford Whipple and G. Frederick Frost.